MICHAEL TREAHEY v. FRANK C. HOLLIDAY.

1. PROHIBITORY LAW—*Discretion of Druggist*—*Damages.* Under the provisions of § 3 of the prohibitory law of 1887, it is discretionary with a druggist to sell intoxicating liquors upon a proper application therefor; and, in refusing to make such a sale, he is not required to give a reason for his refusal.

2. PROPER APPLICATION—*Refusal to Sell*—*No Liability.* Where a druggist who is duly authorized to sell intoxicating liquors under the prohibitory law refuses to make a sale upon a proper application, *held,* such druggist is not liable in an action for damages for such refusal.

*Error from Shawnee District Court.*

ACTION brought by the plaintiff in error to recover damages for the failure of the defendant to fill a prescription, and permit plaintiff to purchase intoxicating liquor for medicinal purposes at defendant's drug store. The plaintiff filed the following petition:

"The plaintiff, Michael Treahey, complains of the defendant, Frank C. Holliday, for that the said defendant, being a member of the firm of Swift & Holliday, druggists and pharmacists, doing business at No. — Kansas avenue, in the city of Topeka, in said county, and having a druggists' permit from the probate judge of said county, dated June 4, 1887, for the space of one year from that date to sell or barter any malt, vinous, spiritous, fermented or other intoxicating liquors, and then and there being registered pharmacists under the laws of this state.

"Said defendant further alleges that, being afflicted with

kidney disease, he applied to one Dr. Rodgers, a physician of Topeka, for a prescription and remedy for his said disease, and that said physician prescribed imported gin to be taken for said disease, and the said plaintiff being sick, ill, and greatly prostrated with said disease of his kidneys, he presented said prescription to the said defendant on the — day of July, 1887, at his drug store in Topeka, and requested him to fill the same, he, said plaintiff, being then and there ready to take the oath and make the affidavit prescribed by law for all applicants applying for intoxicating liquors for medicinal purposes, and that said defendant then and there refused to fill said prescription on the sole and only ground that the said Dr. Rodgers, the physician who gave him said prescription, was not one of his customers, and never dealt with him, and did not deal in his drug store; to the damage of said plaintiff in the sum of five thousand dollars against said defendant."

To this petition the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action against him; and upon the hearing the court sustained the demurrer.   The plaintiff brings the case here.

*J. P. Greer*, for plaintiff in error.

*Rossington, Smith & Dallas*, for defendant in error.

Opinion by CLOGSTON, C.: It is claimed by the plaintiff in error that in qualifying himself to sell intoxicating liquors for any of the excepted purposes, the druggist assumes the relative position of a public officer, and that he cannot ignore his duty and obligation with impunity.   While, on the other hand, it is claimed by the defendant in error that under § 3 of the prohibitory law it is discretionary with the druggist to sell or not, and, in refusing to make a sale, his decision is final; and that he is not liable in damages for such refusal. Plaintiff insists that in § 2 of the prohibitory law, which provides that druggists may sell, the word "may" means "shall."   That part of § 2 is as follows: "Any druggist having a permit to sell intoxicating liquors under the provisions of this act may sell the same only by himself in person or the clerk," etc.   And also, later in the section: "Any drug-

gist may sell intoxicating liquors for mechanical and scientific purposes only upon a written or printed affidavit," etc. And still later is this proviso: "Such druggist shall be permitted to sell any of the liquors mentioned herein in any quantity not less than a gallon to any other druggist within the state holding a permit as provided in this act." These three provisions give permission to the druggist to sell intoxicating liquors; in § 2, being § 4 of the original act of 1881, permit rather than direct the druggist to make the sale; and if, as claimed by the plaintiff in error, the prohibitory law imposes a duty upon the druggist and places him in the relative position of a public officer, then the permission to sell should be a direction, and the violation thereof would render him liable in damages; but in construing this act, as all acts must be construed, the entire act, its purpose and object, must be considered together.

Section 3 of the same act, being chapter 165 of the Laws of 1887, and the latter part of the section, is as follows:

"Or shall sell any intoxicating liquor to any person whom he has reason to believe desires the same to use as a beverage; or sell liquor when he has reason to believe the liquor sold is not a remedy for the ailment described in the affidavit therefor; or shall sell, barter or give away any intoxicating liquor to any minor, any person under the influence of liquor, or who is in the habit of becoming intoxicated; or who shall allow such liquor sold as a medicine or otherwise, to be drank on his premises or premises under his control; or in any other manner omit any act required of him herein, or violate any of the provisions of this act, shall be guilty of a misdemeanor," etc.

This section makes the druggist liable for selling even where a proper affidavit is filed if the person sold to is a minor, under the influence of liquor, or in the habit of becoming intoxicated, or where he believes the liquor sold is not a remedy for the ailment described in the affidavit. If he has this discretion and must exercise it, and the failure to properly exercise it renders him liable to a criminal prosecution, can it then be said that he has no discretion and is liable for damages in fail-

ing to sell it on a prescription or proper application? The object and purpose of the prohibitory law was to prescribe and regulate and limit the sale of intoxicating liquor; and not content with the safeguard of a sworn affidavit of the applicant, this section requires the druggist to exercise judgment and discretion independently of the statement contained in the affidavit. And if this law imposes this duty upon the druggist and makes him liable for its violation, surely the legislature did not intend at the same time to compel him to make the sale; and to give this statute the construction contended for by the plaintiff would be to repeal this part of § 3 and hold it not binding as to the druggist. This construction would be in opposition to the object and purpose of the prohibitory law. Instead of throwing additional safeguards around the sale of liquor, it would be to narrow and limit its provisions. We know of no statute that imposes a liability for refusal to make a sale, and at the same time renders the person making the sale liable to a criminal prosecution. Such a statute would be void.

Under the dramshop act, where saloon-keepers were licensed to sell intoxicating liquors, the law required that they should give a bond that they would not sell to minors, on election days, nor to persons intoxicated; and these regulations were for the purpose of controlling and restricting the sale, and the saloon-keeper had to exercise his judgment in making sales, as for a violation of this law he was criminally liable. We have yet to learn of anyone claiming that by reason of the right to sell under the dramshop act, that a saloon-keeper became an officer for the dispensation of intoxicating liquors, and was compelled to sell to whoever offered to buy. Yet it would be just as reasonable to hold that a saloon-keeper under that law must sell to every purchaser who offered to buy, as to hold that a druggist is compelled to sell upon every application.

But plaintiff contends that the reason given by the druggist was not one of the reasons upon which he had a right to refuse to make a sale. As we said before, the druggist must exercise

his discretion in making a sale, and if he has this right he might do so by refusing to make a sale without giving any reason. If he could do this, then he might give any reason he saw fit. It would often involve a very unpleasant duty if the druggist must disclose the fact that his customer was intoxicated, or in the habit of becoming so, or that he thought the affidavit contained a false statement. We think no such duty devolved upon the druggist, and when he exercises his discretion and refuses to sell, he is not liable for damages.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.